944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest OSBOND, Jr., Petitioner-Appellant,
v.
Roger CRIST, Warden, Attorney General of the State of
Arizona, Robert K. Corbin, Attorney General
Respondents-Appellees.
 No. 89-16101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1991.
Decided Sept. 19, 1991.
 
 Before TANG, SKOPIL and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ernest Osbond filed a petition for post-conviction relief in Arizona federal district court, arguing that his waiver of a jury at his criminal trial was not made knowingly, intelligently, and voluntarily. The district court granted summary judgment for the respondents on the ground that, even if the waiver were improper, the error was harmless. Osbond appeals the grant of summary judgment. We affirm.
 
 DISCUSSION
 
 3
 Osbond agreed to waive his right to trial by jury in exchange for the prosecution's promise not to seek the death penalty. The written waiver form that Osbond signed read, in relevant part:
 
 
 4
 I understand that I am entitled to a trial by jury on these charges, and that the right to jury means the right to have my guilt or innocence decided by a group of ordinary people whose decision may be unanimous.
 
 
 5
 During the plea colloquy, the state court informed Osbond that a jury waiver meant the court, rather than a jury, would find all factual matters, resolve legal issues, decide his guilt, and determine his sentence. The court also elicited an affirmative response to the query whether Osbond had discussed this matter with counsel. Osbond's attorney informed the court that he believed Osbond understood what he was waiving and was doing so freely and voluntarily. The court also asked Osbond if he had any questions about the waiver form, to which Osbond responded that he did not.
 
 
 6
 The parties do not dispute that neither the waiver form nor the colloquy with the court specifically advised Osbond of his unequivocal right to a jury of twelve persons, a unanimous verdict, and to participate in the jury selection process. In his petition for post-conviction relief, Osbond contends that the omission of this information rendered his waiver of a jury trial unknowing, unintelligent, and involuntary.
 
 
 7
 We need not decide whether the district court erred in applying harmless error analysis to Osbond's waiver of the right to trial by jury. We may affirm on any basis fairly presented in the record. City of Las Vegas v. Clark County, 755 F.2d 697, 701 (9th Cir.1985).
 
 
 8
 Reviewing the grant of summary judgment de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), we conclude that Osbond did not create a genuine issue of material fact concerning whether his waiver was knowing and voluntary. Osbond bore the burden of proving that any alleged error materially affected his decision to waive a jury trial:
 
 
 9
 If the result of the adjudicatory process is not to be set at naught, it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality. Simply because a result that was insistently invited, namely, a verdict by a court without a jury, disappointed the hopes of the accused, ought not to be sufficient for rejecting it.
 
 
 10
 Adams v. United States ex rel. McCann, 317 U.S. 269, 281 (1942).
 
 
 11
 Osbond did not meet this burden. He relies solely on the content of the waiver form and the plea colloquy to demonstrate the involuntariness of his waiver. The record in fact reveals that Osbond's desire to avoid a possible death sentence prompted his waiver of the right to trial by jury. Osbond introduced no evidence substantiating his assertion that additional information concerning the number of jurors, the certainty (rather than the possibility) of a unanimous verdict, and his role in voir dire would have materially altered his plea decision. Specifically, he fails to demonstrate how this information would have sufficiently alleviated his fear of receiving the death penalty to make a jury trial an acceptable risk. Bald allegations alone will not suffice to survive summary judgment. Because he lacked evidence showing "as a demonstrable reality," id., that his waiver was unknowing and involuntary, Osbond did not bear his burden of showing that a constitutional violation occurred. Accordingly, we affirm the dismissal of his petition for post-conviction relief.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3